

**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEC 19 2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 17 CR 795 |
| | ) | |
| v. | ) | Violations: Title 18, United States |
| | ) | Code, Section 1832(a)(3) and (4) |
| XUDONG YAO, | ) | |
| also known as "William Yao" | ) | **SUPERSEDING INDICTMENT** |

JUDGE PALLMEYER
MAGISTRATE JUDGE MASON

### COUNT ONE

The SPECIAL DECEMBER 2016 GRAND JURY charges:

1. At times material to this Superseding Indictment:

    a. Company A was a business located in the suburbs of Chicago, Illinois, that manufactured and sold locomotives in the United States and internationally.

    b. Company B was a business located in the People's Republic of China and a provider of automotive telematics service systems.

    c. Defendant XUDONG YAO, also known as "William Yao," worked for Company A as a software engineer beginning on or about August 26, 2014. During his employment, defendant YAO signed multiple documents in which he agreed to protect Company A's proprietary and trade secret information.

    d. By no later than on or about September 6, 2014, defendant YAO downloaded, from Company A's internal computer network, more than 3,000 unique electronic files containing Company A's proprietary and trade secret information

relating to the control system software source code designed to operate Company A's locomotives.

  e. Between in or around August 2014 and February 2015, defendant YAO downloaded, from Company A's internal computer network, numerous additional electronic files containing Company A's proprietary and trade secret information, including technical documents and software source code.

  f. Between in or around September 2014 and October 2015, defendant YAO sought, negotiated, and accepted employment in China with Company B.

  g. On or about February 9, 2015, defendant YAO was terminated by Company A.

  h. Between on or about February 27 and 28, 2015, while seeking employment with Company B and other companies, defendant YAO made copies of Company A's trade secret information, namely, certain control system source code, as well as systems specifications that explained how the control system source code worked.

  i. On or about July 29, 2015, defendant YAO traveled to China and began working for Company B.

  j. On or about November 18, 2015, defendant YAO traveled from China to O'Hare International Airport in Chicago, Illinois. At the time, he had in his possession over 3,000 unique electronic files containing Company A's proprietary and trade secret information, including nine complete copies of Company A's control

system source code and the systems specifications that explained how the control system source code worked.

2. On or about November 18, 2015, at Chicago, in the Northern District of Illinois, and elsewhere,

> XUDONG YAO,
> also known as "William Yao,"

defendant herein, with intent to convert a trade secret that was related to a product and service used in and intended for use in interstate and foreign commerce, specifically an electronic folder containing information regarding Company A's proprietary control system source code entitled, in part, "LCC_System_Specifications," to the economic benefit of a person other than the trade secret's owner, and knowing and intending that the offense would injure any owner of that trade secret, knowingly did possess and attempt to possess such information, knowing the information to have been stolen or appropriated, obtained, and converted without authorization;

In violation of Title 18, United States Code, Section 1832(a)(3) and (4).

## COUNT TWO

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. On or about November 18, 2015, at Chicago, in the Northern District of Illinois, and elsewhere,

<div style="text-align:center">

XUDONG YAO,
also known as "William Yao,"

</div>

defendant herein, with intent to convert a trade secret that was related to a product and service used in and intended for use in interstate and foreign commerce, specifically an electronic folder containing Company A's proprietary control system source code entitled, in part, "LCC_Release~E25.11.00_TRI_20140708," to the economic benefit of a person other than the trade secret's owner, and knowing and intending that the offense would injure any owner of that trade secret, knowingly did possess and attempt to possess such information, knowing the information to have been stolen or appropriated, obtained, and converted without authorization;

In violation of Title 18, United States Code, Section 1832(a)(3) and (4).

## COUNT THREE

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. On or about November 18, 2015, at Chicago, in the Northern District of Illinois, and elsewhere,

XUDONG YAO,
also known as "William Yao,"

defendant herein, with intent to convert a trade secret that was related to a product and service used in and intended for use in interstate and foreign commerce, specifically an electronic folder containing Company A's proprietary control system source code entitled, in part, "LCC_Release~E25.11.01_TRI_20140729," to the economic benefit of a person other than the trade secret's owner, and knowing and intending that the offense would injure any owner of that trade secret, knowingly did possess and attempt to possess such information, knowing the information to have been stolen or appropriated, obtained, and converted without authorization;

In violation of Title 18, United States Code, Section 1832(a)(3) and (4).

## COUNT FOUR

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. On or about November 18, 2015, at Chicago, in the Northern District of Illinois, and elsewhere,

XUDONG YAO,
also known as "William Yao,"

defendant herein, with intent to convert a trade secret that was related to a product and service used in and intended for use in interstate and foreign commerce, specifically an electronic folder containing Company A's proprietary control system source code entitled, in part, "LCC_Release~E25.11.02_TRI_20140814," to the economic benefit of a person other than the trade secret's owner, and knowing and intending that the offense would injure any owner of that trade secret, knowingly did possess and attempt to possess such information, knowing the information to have been stolen or appropriated, obtained, and converted without authorization;

In violation of Title 18, United States Code, Section 1832(a)(3) and (4).

## COUNT FIVE

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. On or about November 18, 2015, at Chicago, in the Northern District of Illinois, and elsewhere,

XUDONG YAO,
also known as "William Yao,"

defendant herein, with intent to convert a trade secret that was related to a product and service used in and intended for use in interstate and foreign commerce, specifically an electronic folder containing Company A's proprietary control system source code entitled, in part, "LCC_Release~E25.11_ICC," to the economic benefit of a person other than the trade secret's owner, and knowing and intending that the offense would injure any owner of that trade secret, knowingly did possess and attempt to possess such information, knowing the information to have been stolen or appropriated, obtained, and converted without authorization;

In violation of Title 18, United States Code, Section 1832(a)(3) and (4).

## COUNT SIX

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. On or about November 18, 2015, at Chicago, in the Northern District of Illinois, and elsewhere,

XUDONG YAO,
also known as "William Yao,"

defendant herein, with intent to convert a trade secret that was related to a product and service used in and intended for use in interstate and foreign commerce, specifically an electronic folder containing Company A's proprietary control system source code entitled, in part, "LCC_Release~E25.11_RSI," to the economic benefit of a person other than the trade secret's owner, and knowing and intending that the offense would injure any owner of that trade secret, knowingly did possess and attempt to possess such information, knowing the information to have been stolen or appropriated, obtained, and converted without authorization;

In violation of Title 18, United States Code, Section 1832(a)(3) and (4).

## COUNT SEVEN

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. On or about November 18, 2015, at Chicago, in the Northern District of Illinois, and elsewhere,

XUDONG YAO,
also known as "William Yao,"

defendant herein, with intent to convert a trade secret that was related to a product and service used in and intended for use in interstate and foreign commerce, specifically an electronic folder containing Company A's proprietary control system source code entitled, in part, "LCC_Release~E25.11_WTL," to the economic benefit of a person other than the trade secret's owner, and knowing and intending that the offense would injure any owner of that trade secret, knowingly did possess and attempt to possess such information, knowing the information to have been stolen or appropriated, obtained, and converted without authorization;

In violation of Title 18, United States Code, Section 1832(a)(3) and (4).

## COUNT EIGHT

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. On or about November 18, 2015, at Chicago, in the Northern District of Illinois, and elsewhere,

XUDONG YAO,
also known as "William Yao,"

defendant herein, with intent to convert a trade secret that was related to a product and service used in and intended for use in interstate and foreign commerce, specifically an electronic folder containing Company A's proprietary control system source code entitled, in part, "LCC_kcs_20136932_WTL~E25.11_WTL," to the economic benefit of a person other than the trade secret's owner, and knowing and intending that the offense would injure any owner of that trade secret, knowingly did possess and attempt to possess such information, knowing the information to have been stolen or appropriated, obtained, and converted without authorization;

In violation of Title 18, United States Code, Section 1832(a)(3) and (4).

## COUNT NINE

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. On or about November 18, 2015, at Chicago, in the Northern District of Illinois, and elsewhere,

XUDONG YAO,
also known as "William Yao,"

defendant herein, with intent to convert a trade secret that was related to a product and service used in and intended for use in interstate and foreign commerce, specifically an electronic folder containing Company A's proprietary control system source code entitled, in part, "LCC_rbt_53_ACe_E25.11," to the economic benefit of a person other than the trade secret's owner, and knowing and intending that the offense would injure any owner of that trade secret, knowingly did possess and attempt to possess such information, knowing the information to have been stolen or appropriated, obtained, and converted without authorization;

In violation of Title 18, United States Code, Section 1832(a)(3) and (4).

## FORFEITURE ALLEGATION

The SPECIAL DECEMBER 2016 GRAND JURY alleges:

1. The allegations of this Superseding Indictment are incorporated here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 1834 and 2323(a)(1)(B) and (b)(1).

2. As a result of his violations of Title 18, United States Code, Section 1832(a), as alleged in this Superseding Indictment,

<div align="center">
XUDONG YAO,<br>
also known as "William Yao,"
</div>

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 1834 and 2323(a)(1)(B) and (b)(1), any and all right, title, and interest defendant may have in any property used, or intended to be used, in any manner or part to commit or facilitate the commission of the offense.

3. The interests of defendant subject to forfeiture pursuant to Title 18, United States Code, Sections 1834 and 2323(a)(1)(B) and (b)(1), include, but are not limited to, a Dell Inspiron Laptop Computer displaying express service code 18637441525 and service tag 8K391X1.

All pursuant to Title 18, United States Code, Sections 1834 and 2323(a)(1)(B) and (b)(1).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY